# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
  §
  §
CATALANO SR., RICHARD JOHN § Case No. 12-01749
CATALANO, CHERYL LYNN §
  §
  §
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on      . The undersigned trustee was appointed on            .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]            $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Peter N. Metrou, Trustee_____
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 1

Exhibit A

| Case No: | 12-01749 | BWB | Judge: BRUCE W. BLACK | Trustee Name: | Peter N. Metrou, Trustee |
|---|---|---|---|---|---|
| Case Name: | CATALANO SR., RICHARD JOHN | | | Date Filed (f) or Converted (c): | 01/19/12 (f) |
| | CATALANO, CHERYL LYNN | | | 341(a) Meeting Date: | 02/15/12 |
| For Period Ending: | 10/29/13 | | | Claims Bar Date: | 12/17/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Estimated Net Value<br>(Value Determined by Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) Abandon | Sale/Funds<br>Received by<br>the Estate | Asset Fully Administered (FA)/<br>Gross Value of Remaining Assets |
| 1. 28 Valerosa Lane Hot Springs Village, AR 71909 | 277,000.00 | 0.00 | | 0.00 | FA |
| 2. 23632 Deerchase Lane Naperville, IL 60564 | 400,400.00 | 0.00 | | 0.00 | FA |
| 3. 804 Patricia Elgin, Illinois | 236,000.00 | 0.00 | | 0.00 | FA |
| 4. 5715 South May Street Chicago, Illinois | 18,000.00 | 0.00 | | 0.00 | FA |
| 5. 1825 Lakeshore Drive, Romeville, IL | 213,000.00 | 0.00 | | 0.00 | FA |
| 6. Personal Checking Account at Citibank | 4,336.00 | 0.00 | | 0.00 | FA |
| 7. Miscellaneous Household Goods and Furnishings -- s | 6,454.00 | 0.00 | | 0.00 | FA |
| 8. Miscellaneous books, pictures including | 0.00 | 0.00 | | 0.00 | FA |
| 9. Miscellaneous Wearing Apparel for four adults and | 2,000.00 | 0.00 | | 0.00 | FA |
| 10. Wedding Rings/Engagement Ring/Costume Jewelry | 2,500.00 | 0.00 | | 0.00 | FA |
| 11. Professional photographic equipment; sewing equipm | 500.00 | 0.00 | | 0.00 | FA |
| 12. Country Companies Whole Life Insurance Policy Numb | 28,922.00 | 0.00 | | 29,586.87 | FA |
| 13. IDS Flexible Premium Variable Life Insurance Polic | 20,000.00 | 0.00 | | 0.00 | FA |
| 14. American General Term Life Insurance - Benefits of | 0.00 | 0.00 | | 0.00 | FA |
| 15. SEP IRA | 1,568.15 | 0.00 | | 0.00 | FA |
| 16. River Source Variable Universal Life IV Insurance | 14,187.81 | 0.00 | | 0.00 | FA |
| 17. River Source Succession Select Variable Life Insur | 10,543.52 | 0.00 | | 0.00 | FA |
| 18. RICHARD J. CATALANO TRUST - River Source Variable | 20,060.62 | 0.00 | | 0.00 | FA |
| 19. Country Companies whole life policy; death benefit | 0.00 | 0.00 | | 0.00 | FA |
| 20. Ameriprise One Financial Account | 1,836.00 | 0.00 | | 0.00 | FA |
| 21. Rollover IRA | 3,352.71 | 0.00 | | 0.00 | FA |
| 22. Strategic Portfolio Service Advantage, Rollover IR | 165,654.43 | 0.00 | | 0.00 | FA |
| 23. SEP IRA | 53,504.22 | 0.00 | | 0.00 | FA |
| 24. Equitable Holdings, LLC and subsidary series LLCs | 0.00 | 0.00 | | 0.00 | FA |
| 25. RJC Consulting, Inc. 100% shares (also does busine | 0.00 | 0.00 | | 0.00 | FA |
| 26. Equitable Holdings vs. Curtis Campbell/5715 South | 0.00 | 0.00 | | 0.00 | FA |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| Case No: | 12-01749 | BWB | Judge: BRUCE W. BLACK | Trustee Name: | Peter N. Metrou, Trustee |
| Case Name: | CATALANO SR., RICHARD JOHN | | | Date Filed (f) or Converted (c): | 01/19/12 (f) |
| | CATALANO, CHERYL LYNN | | | 341(a) Meeting Date: | 02/15/12 |
| | | | | Claims Bar Date: | 12/17/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 27. possible tax return | 0.00 | 0.00 | | 0.00 | FA |
| 28. 2010-Chrysler Town & Country | 14,267.00 | 0.00 | | 0.00 | FA |
| 29. 2004 Lexus LX IS 430 | 11,617.00 | 0.00 | | 0.00 | FA |
| 30. 1999 Chevy Tahoe | 1,450.00 | 0.00 | | 0.00 | FA |
| 31. 1999 Ford Explorer | 760.00 | 0.00 | | 0.00 | FA |
| 32. Office furniture, printer, computers, fax machine | 4,000.00 | 0.00 | | 0.00 | FA |
| 33. One dog | 0.00 | 0.00 | | 0.00 | FA |
| 34. Household Furniture; couches, bedroom furniture; l | 5,000.00 | 0.00 | | 0.00 | FA |
| 35. Club Solaris Resort/Travel Club purchased 2007 -- | 0.00 | 0.00 | | 0.00 | FA |
| 36. Refund of Taxes paid by Trustee (u) | 0.00 | 0.00 | | 1,314.00 | FA |

| | | | | | Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | $1,516,913.46 | $0.00 | | $30,900.87 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Final Report submitted to UST 1-11-13, withdrawn 3-20-13, employed accountant

Initial Projected Date of Final Report (TFR): 12/15/12    Current Projected Date of Final Report (TFR): 04/01/13

LFORM1   UST Form 101-7-TFR (5/1/2011) *(Page: 4)*                                                                                                   Ver: 17.03a

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1
Exhibit B

| | |
|---|---|
| Case No: 12-01749 -BWB | Trustee Name: Peter N. Metrou, Trustee |
| Case Name: CATALANO SR., RICHARD JOHN | Bank Name: Congressional Bank |
| CATALANO, CHERYL LYNN | Account Number / CD #: *******8738  Checking Account |
| Taxpayer ID No: *******6918 | |
| For Period Ending: 10/29/13 | Blanket Bond (per case limit): $ 60,894,000.00 |
| | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 10/16/12 | 12 | Country Financial Insurance Company<br>1711 GE Road<br>Bloomigton, IL 61704-2286 | | 1129-000 | 29,586.87 | | 29,586.87 |
| 08/20/13 | 36 | IRS | REFUND OF POST-FILING TAXES PD | 1280-000 | 1,314.00 | | 30,900.87 |

|  |  |  |  |
|---|---|---|---|
| COLUMN TOTALS | 30,900.87 | 0.00 | 30,900.87 |
| Less:  Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 30,900.87 | 0.00 | |
| Less:  Payments to Debtors | | 0.00 | |
| Net | 30,900.87 | 0.00 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account - ********8738 | 30,900.87 | 0.00 | 30,900.87 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 30,900.87 | 0.00 | 30,900.87 |
| | ============ | ============ | ============ |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals     30,900.87     0.00

### TRUSTEE'S PROPOSED DISTRIBUTION

        Exhibit D

Case No.: 12-01749
Case Name: CATALANO SR., RICHARD JOHN
            CATALANO, CHERYL LYNN
Trustee Name: Peter N. Metrou, Trustee

        Balance on hand                                  $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Peter N. Metrou, Trustee | $ | $ | $ |
| Trustee Expenses: Peter N. Metrou, Trustee | $ | $ | $ |
| Accountant for Trustee Fees: POPOWCER KATTEN, LTD | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses         $_____
    Remaining Balance                                            $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $     must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | American Express Bank, FSB | $ | $ | $ |
| 000002A | The PrivateBank and Trust Company | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

   Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE